**Dean R. WILSON and Vera Logue by Mary Logue her next friend, Plaintiffs,**

v.

**Rose CHANCELLOR et al., Defendants.**

Civ. No. 76–92.

United States District Court, D. Oregon.

Jan. 14, 1977.

Don H. Marmaduke, Larry K. Amburgey, Portland, Or., for plaintiffs and cooperating attorneys for American Civil Liberties Union of Or.

Bruce P. Bischof, Lake Oswego, Or., for defendant.

## OPINION AND ORDER

BURNS, District Judge.

My opinion in favor of plaintiffs in this proceeding was filed September 2, 1976. Essentially that opinion ruled that plaintiffs' constitutional rights were violated by the action of defendants in banning "all political speakers" from appearing in classes held at Molalla Union High School, and granted both declaratory and injunctive relief. 418 F.Supp. 1358. Judgment has not yet been entered. The issue of attorneys' fees was specifically reserved, and the parties were invited to submit statements concerning this issue. Plaintiffs requested attorneys' fees in their original complaint. Both sides have, since the date of my opinion, filed memoranda regarding this issue.

The Civil Rights Attorneys' Fees Awards Act, Public Law 94–559, expressly authorizing an award of reasonable attorneys' fees to the prevailing party in a suit pursuant to 42 U.S.C. § 1983, became effective on October 19, 1976. The new statute adds the following language to 42 U.S.C. § 1988:

> In any action or proceeding to enforce a provision of sections 1977, 1978, 1979 [which is codified as 42 U.S.C. § 1983], 1980 and 1981 of the Revised Statutes, title IX of Public Law 92–318, or in any civil action or proceeding, by or on behalf of the United States of America, to en-

force, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The question now before me is whether this statute is to be applied to cases in which an application for award of attorneys' fees is awaiting final disposition on the effective date of the Act, and, if so, whether plaintiffs should be awarded attorneys' fees. For the reasons set forth below I find the plaintiffs are entitled to reasonable attorneys' fees.

I believe it is abundantly clear from the debates in the House and Senate that Congress intended to allow an award of attorneys' fees in cases pending when the bill became law.

During the Senate debate, Senator Abourezk, one of the bill's co-sponsors, made the following comment:

"The Civil Rights Attorneys' Fees Awards Act authorizes Federal courts to award attorneys' fees to a prevailing party in suits presently pending in the Federal courts. The application of this Act to pending cases is in conformity with the unanimous decision of the Supreme Court in *Bradley v. School Board of City of Richmond,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974)." 122 Cong.Rec. S. 17052 (daily ed. Sept. 29, 1976).

Representative Drinan, floor manager in the House, stated that:

" . . . [T]his bill would apply to cases pending on the date of enactment. It is the settled rule that a change in statutory law is to be applied to cases in litigation. In *Bradley v. Richmond School Board,* the Supreme Court expressly applied that long-standing rule to an attorney fee provision, including the award of fees for services rendered prior to the effective date of the statute." 122 Cong.Rec. H. 12160 (daily ed. Oct. 1, 1976).

Any doubt as to the Congressional intent is erased by the reaction of the House to a proposal by Rep. Ashbrook following discussion of the retroactive effect of the bill. Rep. Ashbrook moved to recommit the bill to Committee with instructions that it be reported back with an amendment specifying that "The provisions of the act shall take effect upon enactment and shall be applicable to cases filed only after the effective date of this act." In support of his motion, Rep. Ashbrook stated that:

"Whatever problems we have with this bill, whatever fears we have, we will at least allay some of those fears if we exempt from the coverage of this act all of those hundreds of cases which are pending right now. That is one small step we can take to make this a more responsible piece of legislation." 122 Cong.Rec. H. 12166 (daily ed. Oct. 1, 1976).

The motion was defeated, 268 to 104.

The references to *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), in the Congressional debate are significant in determining the situations which Congress meant to be included as "pending." If *Bradley,* which was before the Court of Appeals at the time the applicable attorneys' fees provision was passed, was "pending," then *a fortiori,* this case is pending, for these purposes.

In *Bradley,* a school desegregation case, a unanimous Supreme Court held that an attorneys' fees provision enacted as part of the Education Amendments of 1972 could be applied to attorneys' fees for services rendered before the provision became law where the propriety of an award of attorneys' fees was pending resolution on appeal at the time of the effective date of the statute.

Even if the Congressional intent were less clear, *Bradley* would compel the conclusion that the Civil Rights Attorneys' Fees Awards Act applies to pending cases. Finding no clear legislative expression of intent, the Supreme Court in *Bradley* applied the general "principle that a court is to apply the law in effect at the time it

renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S. at 711, 94 S.Ct. at 2016. *See also, Latham v. Chandler*, 406 F.Supp. 754 (N.D.Miss.1976) (On the authority of *Bradley*, District Court granted attorneys' fees in a case which was pending before it on the date statute allowing attorneys' fees in voting cases took effect.).

■ In the absence of a retroactivity problem, two Supreme Court cases, construing essentially similar civil rights attorneys' fees provisions, have held that the successful plaintiff should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); *Northcross v. Board of Education of the Memphis City Schools*, 412 U.S. 427, 428, 93 S.Ct. 2201, 2202, 37 L.Ed.2d 48 (1973). These cases were cited with approval in *Bradley*. The legislative history is also replete with references to this liberal standard. *See, e. g.*, 122 Cong.Rec.H. 12160 (daily ed. Oct. 1, 1976); S.Rep.No.94–1011, pp. 4, 5, 94th Cong., 2d Sess. (1976); U.S. Code Cong. & Admin.News 1976, p. 5908. Thus, while the award of attorneys' fees is always discretionary, the Supreme Court and the Congress have indicated that this discretion should be liberally exercised in favor of prevailing plaintiffs.

■ *Bradley* provides some guidance in determining when the attorney's fee award which would otherwise be appropriate should be disallowed. "The concerns . . . relative to the possible working of an injustice center upon (a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon these rights." 416 U.S. at 717, 94 S.Ct. at 2019.

■ With respect to (a) the Court distinguished the situation in *Bradley* from a suit between private individuals because the plaintiffs, in seeking to desegregate the Richmond, Virginia schools, had rendered substantial service to the school board and the community at large by bringing the school board into compliance with its constitutional mandate and by securing the benefits of a nondiscriminatory educational system to the community. The same considerations apply here. Plaintiffs have been influential in securing important First Amendment freedoms for both teachers and students, and in insuring the school board's compliance with the constitutional guarantees.

The second consideration was found inapplicable in *Bradley* because the Court found no rights which had matured or become unconditional which would be infringed by retrospective application of an attorney's fee provision. The same is true here.

"The third concern has to do with the nature of the impact of the change in law upon existing rights, or, to state it another way, stems from the possibility that new and unanticipated obligations may be imposed upon a party without notice or an opportunity to be heard." 416 U.S. at 720, 94 S.Ct. at 2021. The Court found that the addition of an attorney's fee provision did not in any way alter the school board's substantive obligation to provide a nondiscriminatory education to pupils. Similarly, here, the defendants had a pre-existing duty not to infringe the First Amendment freedoms of plaintiffs which was in no way altered by the Act.

This is precisely the sort of case in which an attorney's fee award is most necessary and desirable. Plaintiffs here seek to vindicate important constitutional rights. Congress clearly intended to encourage private actions to enforce the civil rights laws. Furthermore, "Private citizens must be given not only the rights to go to court, but also the legal resources. If the citizen does not have the resources, his day in court is denied him; . . . and the entire nation, not just the individual citizen suffers." 122 Cong.Rec. S. 17051 (daily ed. Sept. 29, 1976). As Congress recognized, this problem is especially acute where, as here, no monetary relief is requested or awarded. 122 Cong.Rec. H. 12155 (daily ed. Oct. 1, 1976).

The submissions by plaintiffs' attorneys request a total of $3,025.00 attorneys' fees. Given the time involved, the skill shown by the attorneys, the novelty of the question, and other appropriate considerations, this is a modest request. I award attorneys' fees of $3,025.00, plus costs and disbursements.