Roberto **MARTINEZ RODRIGUEZ** et al.,
Plaintiffs, Appellees,

v.

Irving **JIMENEZ** et al., Defendants,
Appellants.

No. 76–1166.

United States Court of Appeals,
First Circuit.

March 23, 1977.

Rafael Perez-Bachs, with whom Stanley L. Feldstein, Roberto Buso Aboy, San Juan, P. R., and Francisco Lopez Romo, Santurce, P. R., were on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and VAN OOSTERHOUT,* Senior Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is a class action brought under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) on behalf of inmates of the San Juan District

---

*The Honorable Martin D. Van Oosterhout, of the Eighth Circuit, sitting by designation.

Jail, a correctional institution of the Commonwealth of Puerto Rico commonly known as "La Princesa." The district court, in an opinion reported at 409 F.Supp. 582 (D.P.R.1976), concluded in numerous respects that conditions of confinement at the jail did not comport with federal constitutional standards and ordered relief in numerous particulars, including a directive that the jail be closed no later than August 1, 1976.

We are informed that the jail has in fact been closed, and the parties are in general agreement that most of the issues resolved by the district court are now moot. The only issue briefed and argued by appellant Commonwealth officials is the propriety of the district court's award of attorneys' fees, in the amount of six thousand dollars, to plaintiffs. For the reasons hereinafter stated, we affirm the award.

The district court based its award of attorneys' fees on the recent Supreme Court decision in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and on a finding that defendants had "engaged in obstinacy and acted vexatiously." 409 F.Supp. at 593, 595. Defendants vigorously contest both the application of *Alyeska* to this case and the district court's finding of obstinacy and vexatiousness. We find it unnecessary to consider these arguments, however, as we are convinced that the award of attorneys' fees is proper under the Civil Rights Attorneys' Fees Awards Act of 1976, Pub.L. No. 94–559 (Oct. 19, 1976). This Act permits an award of reasonable[1] attorneys' fees to the prevailing party in an action such as this brought under 42 U.S.C. § 1983.

The Court of Appeals for the Eighth Circuit, in *Finney v. Hutto*, 548 F.2d 740 (8th Cir. filed January 6, 1977),[2] has already had occasion to consider the issues which are of primary concern to us here. The *Finney* court, faced, as we are, with a district court disposition predating the enactment of the above Act, concluded, *id.* at 742, "[i]t is clear that Congress intended the Act to apply to cases such as this pending resolution on appeal."[3] We would add that, apart from the legislative background relied upon by the *Finney* court, we deem wholly applicable the Supreme Court's analysis in *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).[4] The *Finney* court also concluded,

1. The case presently before us was a long and complex one. Defendants do not challenge the reasonableness of the amount of attorneys' fees awarded.

2. *Finney v. Hutto* concerned the constitutionality of conditions of confinement in the Arkansas state prisons.

3. In footnote 5, 548 F.2d at 742, the court observed:
   During House consideration of the measure, Representative Drinan stated:
   I should also add that, as the gentleman from Illinois (Mr. Anderson) observed during consideration of the resolution on S. 2278, this bill would apply to cases pending, on the date of enactment. It is the settled rule that a change in statutory law is to be applied to cases in litigation. In Bradley versus Richmond School Board, the Supreme Court expressly applied that longstanding rule to an attorney fee provision, including the award of fees for services rendered prior to the effective date of the statute.
   112 Cong.Rec. 12,160 (daily ed. Oct. 1, 1976) (remarks of Representative Drinan). *Bradley v. Richmond School Board*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) involved the issue whether § 718 of the Education Amendments of 1972, which granted authority to federal courts to award a reasonable attorneys' fee in school desegregation cases, applied to a case where the propriety of the fee award was pending resolution on appeal when the statute became law. The Supreme Court held that it did. *Id.* at 710–24, 94 S.Ct. 2006. Thus Representative Drinan's reference to the *Bradley* case is strong evidence that Congress intended this statute to apply to fee awards pending resolution on appeal.

4. There, as here, the legislative history seems supportive of the proposition that the statute should apply to pending cases. There, as here, no manifest injustice will result from applying the statute to pending cases: 1) in each, the defendants are publicly funded entities and the plaintiffs are individuals who have vindicated important public policies; 2) in each, the defendants had no interest in not using the funds to pay the costs of vindicating the public interest; and 3) in each, the defendants would not have ordered their conduct differently if they had known the new statute was going to apply. *See id.*, 416 U.S. at 716–21, 94 S.Ct. 2006.

*id.,* at 742, that an award of attorneys' fees proper under the Act was not barred by the eleventh amendment, following the analysis in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 455, 96 S.Ct. 2666, 49 L.Ed.2d 614 (filed June 28, 1976).

We are in complete agreement with the above conclusions of the *Finney* court and the reasons stated in support thereof. The award of attorneys' fees presently contested is accordingly proper under the Civil Rights Attorney's Fees Awards Act of 1976 and is not barred by the eleventh amendment. It is therefore affirmed.

*Affirmed.*