## M.C.I. CONCORD ADVISORY BOARD et al., Plaintiffs,

v.

## Frank A. HALL et al., Defendants.

### Civ. A. No. 75–1463–C.

United States District Court,
D. Massachusetts.

Sept. 28, 1978.

Barbara A. Milman, Stern & Shapiro, Boston, Mass., for plaintiffs.

Lee C. Bromberg, Sp. Asst. Atty. Gen., Dept. of Correction, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

Before the Court is plaintiffs' motion seeking an award of attorneys' fees and costs under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C.A. § 1988 (Fees Act). The Act declares that in suits under 42 U.S.C.A. § 1983 and certain other statutes, federal courts may award prevailing parties reasonable attorney's fees as a part of the costs.

Plaintiffs commenced a civil rights action in April of 1975, challenging conditions of confinement at the Massachusetts Correctional Institution in Concord (M.C.I. Concord). Plaintiffs asserted eight claims, several of which were based on 42 U.S.C.A. § 1983. The gravamen of plaintiffs' complaint was that their constitutional rights were being violated by persistent overcrowding and by other aspect of their living conditions in three areas at M.C.I. Concord, specifically the New Line area, the special purposes housing area and the hospital ward. Plaintiffs alleged that conditions of confinement at the institution constituted cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. They alleged further constitutional violations under the Due Process and Equal Protection clauses of the Fourteenth Amendment. Plaintiffs sought broad injunctive and declaratory relief against defendants Frank Hall, Massachusetts Commissioner of Correction, and Edward Douzanis, Superintendent of M.C.I. Concord, who has been substituted for Nicholas Genakos, former superintendent of the institution. Additionally, plaintiffs alleged violations of various state laws, all in violation of plaintiffs' constitutional rights. They also sought judicial orders against defendant Jonathan E. Fielding, Massachusetts Commissioner of Public Health (who has been substituted for William J. Bicknell, former Commissioner of Public Health), ordering Dr. Fielding to promulgate rules and regulations pursuant to state law, and plaintiffs also sought an order directing all defendants to comply with the State Sanitary Code at M.C.I. Concord.

The case went to trial on May 17, 1976. On that day, a partial consent decree was filed under which the Commissioner of Public Health agreed to issue new prison regulations. The consent decree did not include either defendant Hall or defendant Douzanis. After one day, the trial was suspended and the remaining parties engaged in protracted efforts at settlement. After settlement efforts collapsed, the trial resumed in late April, 1977, and lasted five days.

On the basis of the evidence adduced at trial, a finding was made that the mode of imprisonment within certain sections of the special purposes unit—namely, the protective custody, "awaiting action," and holding cells—was sufficiently shocking as to violate constitutional standards. No evidence was presented indicating doublecelling in two other sections of the special purposes unit—observation and isolation area; therefore, no finding of illegality was made as to them. The basis of the ruling of unconstitutionality was the totality of the living conditions in these areas—the doublecelling in certain rooms designed for single occupancy, the lack of adequate fresh air, plumbing, lighting and ventilation, and the dearth of vocational and recreational facilities.

However, no illegality of constitutional proportions was found to exist in the New Line area or in the hospital ward. Plaintiffs failed to show that the use of the hospital wardroom for housing purposes had infringed on the constitutional rights of

M.C.I. Concord inmates to adequate medical care, and to sustain their burden on their Equal Protection and Due Process claims. A specific finding was made that the challenged classification of inmates at M.C.I. Concord did not deny plaintiffs their rights under the Equal Protection Clause. Since plaintiffs neither briefed nor developed at trial their alleged Due Process claims, I found no evidence whatsoever to support these claims.

On April 26, 1978 plaintiffs' counsel filed the instant motion pursuant to 42 U.S.C.A. § 1988, seeking reasonable attorneys' fees and costs as the prevailing parties in this case.

Defendants base their opposition to plaintiffs' motion on several grounds: (1) The Eleventh Amendment bars the award of attorneys' fees against state officials; (2) retrospective application of the Fees Act to authorize an award of attorney fees against defendant public officials would be manifestly unjust; (3) plaintiffs are not the prevailing parties within the meaning of the Fees Act; (4) plaintiffs' motion contains insufficient documentation to support their motion for attorney fees; and (5) the Fees Act does not provide for reimbursement of expenses.

 A recent decision of the United States Supreme Court readily disposes of defendants' first two objections. Suits brought for injunctive relief against individual officials in their official capacity are for all practical purposes suits against the state itself.[1] In *Hutto v. Finney*, —— U.S. ——, ——, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) the Supreme Court ruled that the Civil Rights Attorney's Fees Awards Act of 1976 abrogates states' Eleventh Amendment immunity and authorizes fee awards payable by the states when their officials are sued in their official capacities.[2] Further, the Supreme Court viewed the award of attorney's fees not as ordinary "retroactive" relief but as reimbursement for a portion of expenses incurred in seeking prospective relief, and, in accordance with the Act's legislative history and the Court's general practice, pronounced the Fees Act applicable to all cases pending on the date of enactment. *Hutto v. Finney, supra* at —— & n.25, 98 S.Ct. 2565. *See also Perez v. Rodriguez Bou*, 575 F.2d 21, 24 (1st Cir. 1978); *King v. Greenblatt*, 560 F.2d 1024, 1025–26 (1st Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Hence on the basis of *Hutto v. Finney*, I rule that an award of attorney's fees is permissible in this case.

Defendants contend, however, that since plaintiffs failed to prevail on their basic claims and obtained only limited success on ancillary issues, plaintiffs cannot be considered prevailing parties. To support this claim, defendants assert that the plaintiffs have not vindicated the public interest. On the contrary, they claim that defendant public officials have been largely vindicated in their official actions.

 The First Circuit has recently concluded that "plaintiffs may be considered 'prevailing parties' for attorneys' fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe, supra*, at 278.[3] In applying that standard to the present matter, I rule plaintiffs to be prevailing

---

1. Awards against an official in his individual capacity are not affected by the Fees Act. In such cases, injunctive suit costs are awarded only if the named defendants litigated in bad faith. *Hutto v. Finney*, —— U.S. ——, ——, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). There is no claim nor evidence that named defendants litigated in bad faith.

2. The First Circuit has consistently rejected arguments such as the defendants' that the Eleventh Amendment bars attorney fees against the state. *See Nadeau v. Helgemoe*,

581 F.2d 275 at 278 n.1 (1st Cir. 1978); *King v. Greenblatt*, 560 F.2d 1024, 1025–26 n.2 (1st Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Rodriguez v. Jimenez*, 551 F.2d 877 (1st Cir. 1977).

3. The First Circuit has relied on Congress' indication of its approval of a broad interpretation of the phrase "prevailing party" in its discussion on the Civil Rights Attorney Fees Act of 1976. *See Fischer v. Adams*, 572 F.2d 406 at 410–411 (1st Cir. 1978).

parties for attorneys' fees purposes. The major thrust of plaintiffs' case at trial was directed to showing that inmate overcrowding, together with other aspects of the living conditions in the New Line, the special purposes housing unit and the hospital ward at M.C.I. Concord, constituted cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment. At trial, plaintiffs established that the totality of the living conditions within certain sections of the special purposes unit constituted a mode of imprisonment violative of Eighth Amendment standards. Consequently, on this issue injunctive relief was granted. The special purposes housing unit issue constituted a portion of the major thrust of plaintiffs' case. On this basis, I rule that the special purposes unit issue was a significant issue in litigation and that the plaintiffs' success on this issue achieved some benefit the plaintiffs had sought in bringing this suit.

Plaintiffs argue that they are prevailing parties with respect to the consent decree as well. The First Circuit requires plaintiffs to pass both a factual and legal test before plaintiffs can be considered prevailing parties on issues resolved by consent decree. *Nadeau v. Helgemoe, supra,* at 280–281. First, plaintiffs' suit cannot be completely superfluous in achieving the improvements undertaken by defendants on plaintiffs' behalf. Second, plaintiffs' action could not have been considered frivolous, unreasonable or groundless if plaintiffs had continued to press their claims. *Nadeau v. Heglemoe, supra,* at 280–282. I rule that plaintiffs' suit and their attorneys' efforts were a necessary and important factor in achieving the improvements agreed to in the consent decree, although their success depended, in part, on the cooperative efforts of the defendant Commissioner of Public Health. Defendants' memorandum offered on behalf of Commissioner of Corrections and Superintendent of M.C.I. Concord in opposition to the award of attorneys' fees does not dispute the rule of the plaintiffs' lawsuit in securing improvements in their conditions of confinement under the consent decree. Because of the plaintiffs' lawsuit, defendant Commissioner agreed to carry out steps outlined in the consent decree. While no finding was made as to whether the defendant Commissioner of Public Health acted or failed to act in violation of plaintiffs' constitutional rights, it cannot be said, in light of the proof adduced at trial, that their claim regarding sanitary conditions was groundless. Hence, plaintiffs are prevailing parties for attorneys' fees purposes on the issue of the consent decree.

■ It could be argued that the consent decree is not predicated on a claim made under 42 U.S.C.A. § 1983; and, therefore, a fee award based on that decree is improper. I see no point in distinguishing issues raised in the consent decree from the constitutional claims. Plaintiffs claimed that violation of state law was in violation of plaintiffs' constitutional rights. All that *Nadeau* requires is that the consent decree claim not be groundless if plaintiffs had continued to press their claim; and, since it has been noted above that plaintiffs' claim was not groundless, I rule that the consent decree may be taken into account in passing on the application for legal fees because it is predicated on a § 1983 claim.

■■ Although the special purposes unit and the consent decree issues were significant enough to pass the threshold qualification of prevailing parties, I find that plaintiffs are not entitled to the full amount of fees claimed. Attorney fees awards are based on work performed on the issues in which plaintiffs were successful. *Nadeau v. Heglemoe, supra,* at 279. Hence, plaintiffs are entitled to remuneration for time devoted to the issues on which they prevailed. Plaintiffs raised eight claims in their complaint, and succeeded only in part of their first claim, namely, the Eighth Amendment challenge to the special purposes housing unit, and in their fifth claim resulting in the consent decree. These two issues by no means could be said to have dominated the litigation. Plaintiffs devoted a substantial portion of their time at-

tempting to prove constitutional violations in the New Line and the hospital ward. However, plaintiffs failed to sustain their burden on the Eighth Amendment challenge to the conditions in the New Line and the hospital ward as well as on the remaining six claims.

The statement submitted by plaintiffs' counsel does not provide a proper basis for determining how much time was devoted to the particular claims. Plaintiffs' counsel is directed to submit to this Court within ten days of this order sufficient specific documentation, including a statement of hours worked by each attorney and the rate per hour normally billed by that attorney, on the basis of which the Court may make its award. Plaintiffs' counsel are further directed to submit documentation of fees advanced by the N.A.A.C.P. Legal Defense and Education Fund and of fees required to be paid back to the Legal Defense Fund. Upon proper submission by plaintiffs' counsel, this Court will determine what fees and other costs are to be awarded in this case.