**Constance JAEGER, Claudia Nelson, and Nancy Wilson, Plaintiffs,**

v.

**CITY OF FARMINGTON, MINNESOTA, a municipal corporation, Defendant.**

Civ. No. 4–81–667.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 18, 1981.

Clifford M. Greene, Minnesota Civil Liberties Union, St. Paul, Minn., for plaintiffs.

Gerald M. Gorgos, Farmington City Atty., Farmington, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

This matter comes before the court on a claim for attorney's fees under 42 U.S.C. § 1988.

This case was filed by plaintiffs, wives of striking air traffic controllers, on October 13, 1981, to challenge the constitutionality of Farmington City Ordinance No. 6–1–39 which prohibited the picketing of a workplace by non-employees. The challenged ordinance was repealed on October 22, 1981, and the action was dismissed on October 29, 1981. Plaintiffs then brought a timely motion for attorney's fees.

 In considering a motion for attorney's fees under 42 U.S.C. § 1988, the prevailing party is ordinarily to recover attorney's fees unless special circumstances would render an award unjust. *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1976). The threshold issue is whether plaintiffs are "prevailing parties" within the meaning of § 1988. A two-part test is to be applied to make this determination: first, a factual question of whether the plaintiffs' action was a factor in achieving the result sought and obtained; second, a legal question of whether the result obtained was one required by the law. *United Handicapped Federation v. Andre,* 622 F.2d 342 (8th Cir. 1980) (citing *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir. 1978)). There is no issue here that the second part of the test, the legal question, has been met. No one has contended that the ordinance was constitutional under the First and Fourteenth Amendments. It is, however, disputed that the plaintiffs' suit was the catalyst leading to the repeal of the ordinance.

 In making the factual determination of the role that plaintiffs' suit played in the repeal of the ordinance, the court is not required to find that the plaintiffs' lawsuit was "the sole or even the primary cause" of the repeal. *United Handicapped Federation v. Andre,* 622 F.2d at 346–7. Plaintiffs' suit need only be an "important and necessary factor" to entitle them to recover attorney's fees. *Nadeau v. Helgemoe,* 581 F.2d at 281.

On September 2, 1981, prior to the plaintiffs' lawsuit, several spouses of air traffic controllers were picketing the Farmington air traffic control facility in support of the Professional Air Traffic Control Organization (PATCO) strike. The spouses were warned by Farmington police that they would be arrested if they continued to picket. The following day a PATCO representative met with Farmington City Attorney Gorgos and was told that Farmington Ord. No. 6–1–39 prohibited spouses of PATCO members from joining the picket lines.

On September 25, 1981, a number of spouses (none of whom are plaintiffs in this action) were arrested for picketing contrary to Farmington Ord. No. 6–1–39. On October 9, 1981, counsel for plaintiffs, who wished to picket, advised City Attorney Gorgos that they would soon bring a lawsuit to challenge the constitutionality of the ordinance and enjoin its enforcement. Mr. Gorgos responded that the ordinance was not well drafted, that he would be discussing the ordinance with the city council, and that he would probably move to amend the charges lodged against the spouses arrested on September 25, 1981. The next regularly scheduled city council meeting was October 22, 1981.

On October 13, 1981, plaintiffs filed their lawsuit and requested a temporary restraining order. Mr. Gorgos advised plaintiffs' attorney that the city did not oppose the restraining order, but reserved judgment on the merits of the suit. On the same date, the court issued a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and, having been advised that the Farmington city council would be meeting on October 22, 1981, when it might repeal the ordinance, set November 2, 1981, as the date for a hearing on the motion for a preliminary injunction. On October 22, 1981, the Farmington city council repealed the ordinance. On October 28, 1981, at the pretrial hearing of the persons arrested on September 25, 1981, the city amended the criminal charges, and on October 29, 1981, this action was dismissed.

It is evident from analyzing the undisputed chronology of events that the plaintiffs' suit was a "necessary and important factor" in the repeal of the ordinance. In early September city officials gave all indications that the ordinance would be enforced. The police threatened to make arrests, and the City Attorney advised PATCO that the ordinance prohibited spouses from joining the picket lines. The September 25 arrests were made under the color of enforcing the challenged ordinance. At the time the lawsuit was filed, there was no guarantee that the ordinance would not be enforced against the plaintiffs if they were to picket or that the ordinance would be repealed. The City Attorney reviewed the ordinance as a result of the arrests and plaintiffs' lawsuit. His actions and those of the city council leading to the repeal of the ordinance are to be commended, but their good faith is not controlling, for "(t)he key issue is the provocative role of the plaintiff's lawsuit, not the motivations of the defendant." *Nadeau v. Helgemoe*, 581 F.2d at 280.

The court finds that plaintiffs are entitled to reasonable attorney's fees because they are prevailing parties. Their action served as a catalyst in the repeal of the ordinance, and no unusual circumstances exist which should preclude them from an award.

Defendant concedes that the amount of fees requested is reasonable and has not objected to plaintiffs' request that the fee be paid directly to the Minnesota Civil Liberties Union (MCLU) Foundation. The court finds, after reviewing the fee affidavit and time records, that the requested fees are reasonable under the standards of *Johnson v. Georgia Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Since all legal services rendered to the plaintiffs were provided by the MCLU, it is appropriate for the fees to be paid to the MCLU Foundation. *See Hairston v. R&R Apts.*, 510 F.2d 1090 (7th Cir. 1975).

Accordingly, based upon all the records, files, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for attorney's fees is granted.
2. Defendant City of Farmington pay to the Minnesota Civil Liberties Union Foundation the sum of $2,925.42 for the plaintiffs' reasonable attorney's fees and costs.

LET JUDGMENT BE ENTERED ACCORDINGLY.