Laurie DeMIER, Mark Weitzel, On their own behalf and on behalf of a class of similarly situated individuals, Appellees,

v.

James GONDLES, Sheriff of Arlington County, Appellant.

No. 81–1620.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1982.

Decided Jan. 28, 1982.

Claude M. Hilton, Arlington, Va., for appellant.

Leonard S. Rubenstein, Alexandria, Va., and Richard Crouch, Arlington, Va., for appellees.

Before WINTER, Chief Judge, BUTZNER, Circuit Judge, and INGRAHAM, Senior Circuit Judge.*

INGRAHAM, Senior Circuit Judge.

On November 12, 1980, appellees filed this class action under 42 U.S.C. § 1983 challenging the strip search policy of the Arlington County Sheriff's Office. Under that policy the Sheriff's Office conducted strip searches of all detainees brought to the Arlington County Detention Center regardless of the severity of the alleged offense or the anticipated duration of detention. Appellee DeMier was arrested for

* Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

allegedly violating a local ordinance by playing a stereo too loudly; appellee Weitzel was arrested for allegedly writing obscene words on a traffic ticket. Although low bail was set and appellees were awaiting immediate assistance in posting bail, both were subjected to strip searches and placed in holding cells apart from the general jail population. Appellees sought compensatory and injunctive relief.

On December 31, 1980, the Sheriff's Office announced a temporary cessation of the blanket strip search policy. On April 1, 1981, the Virginia General Assembly enacted Va.Code § 19.2–59.1 which severely curtails the circumstances in which strip searches are permitted. Thereafter, on April 24, appellees moved for voluntary dismissal under Fed.R.Civ.P. 41(a)(1), contending that the object of the suit had been achieved, and for an award of attorney fees under 42 U.S.C. § 1988. The district court granted appellees' motion and awarded fees of $16,368.07.

■ Section 1988 permits the district court to award attorney's fees to the "prevailing party." It is well established that a party need not obtain a final judgment in order to "prevail" for purposes of the statute; a settlement, consent decree, or other resolution of the underlying dispute short of formal adjudication may still support an award of fees. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Young v. Kenley*, 641 F.2d 192 (4th Cir. 1981); *Bonnes v. Long*, 599 F.2d 1316 (4th Cir. 1979), *after remand*, 651 F.2d 214 (4th Cir. 1981). In particular, it may be sufficient to show that "a plaintiff's actions were a catalyst which caused a defendant to remedy his errant ways." *Smith v. University of North Carolina*, 632 F.2d 316, 347 (4th Cir. 1980) (cites omitted).

■ In *Bonnes*, we provided the following guidelines for determining whether a party has prevailed when the party realizes some of the benefit sought in a manner short of a final judgment. First, the court must focus on the condition that the fee claimant sought to change so as to gain a benefit or be relieved of a burden. With this condition as a benchmark, the inquiry then becomes "whether, as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition." 599 F.2d at 1319. The court below followed these guidelines precisely. It found that the benchmark condition was the strip search policy; that this condition was changed by the temporary policy change announced in December 1980, which showed every indication of remaining permanent as of April 1981, particularly in light of the new legislation; that this change represented conferral of a significant benefit on the appellees and the class they purported to represent; and, most importantly, that "the pendency of this suit made a significant contribution to changing the Sheriff's policy. . . ."

These findings, far from being clearly erroneous, are entirely consistent with the record and must be upheld. As the district court noted, at the time this suit was filed the strip search policy had recently survived challenge in a separate suit and the Sheriff had resolutely declared his intention to maintain the policy. According to the numerous exhibits of newspaper articles and editorials submitted by appellees, this suit caused considerable publicity, both locally and nationwide, and "increased political pressure" regarding the policy. The conclusion appears inescapable that even if other complaints contributed to the change in policy, this suit was a major contribution. It is equally apparent that the appellees will enjoy a benefit from the change that substantially achieves the results sought by their complaint. Attorney's fees were properly awarded.

■ Appellant lastly complains that the award improperly includes an amount representing efforts spent by appellees' counsel in lobbying for passage of Va.Code § 19.2–59.1. The district court thoroughly analyzed the fee request in light of the twelve factors specified in *Barber v. Kimbrell's*

*Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1979), and specifically took into consideration the effect of time spent on the legislation. We perceive no abuse of discretion in the district court's calculations.

The district court may entertain a further petition by appellees' counsel for fees associated with this appeal.

AFFIRMED.