806 F.2d 785
 45 Fair Empl.Prac.Cas. 1715
 Melvin PAXTON, Jr.,
v.
UNION NATIONAL BANK, a corporation, Appellee,
Katrina Terry, Phyllis Mosley, Jerry Riley and George Spann
(Intervenors Below),
John W. Walker and Ralph Washington, Appellants.
Melvin PAXTON, Jr.,
v.
UNION NATIONAL BANK, a corporation, Appellee,
Katrina Terry, Phyllis Mosley, Jerry Riley and George Spann
(Intervenors Below),
P.A. Hollingsworth, Appellant.
 Nos. 86-1354, 86-1360.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 10, 1986.
Decided Dec. 4, 1986.
 
 John W. Walker, Little Rock, Ark., for Walker and Washington.
 Janet L. Pulliam, Little Rock, Ark., for Hollingsworth.
 Stephen W. Jones, Little Rock, Ark., for appellee.
 Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 John W. Walker, Ralph Washington and Perlesta A. Hollingsworth appeal from a judgment of the district court awarding them attorneys' fees for services rendered in the district court. They contend that the fees are inadequate and that the district court did not follow the decision of the United States Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in making its award.
 
 
 2
 The history of this case is documented in Paxton v. Union National Bank, 688 F.2d 552 (8th Cir.1982).
 
 
 3
 Subsequent to this Court's decision, the following request for attorneys' fees was submitted:
 
 
 4
 John W. Walker $ 71,725.50
Ralph Washington $ 30,248.00
Sandra Donaldson $ 2,000.00
 -----------
 Fees $104,753.03
 Costs $ 10,753.03
 -----------
 Total $114,826.53 $114,826.53
Perlesta A.
 Hollingsworth $ 44,266.50
Ron Heller $ 6,978.50
Janet L. Pulliam $ 1,045.00
Horace A. Walker $ 2,865.00
Kenneth G.
 Torrence $ 195.00
Law Clerks (includes
 Ron Heller and
 Paul Dickerson's
 Time) $ 3,633.33
 -----------
 Fees $ 58,983.33
 Costs $ 5,975.02
 -----------
 Total $ 64,958.35 $ 64,958.35
 -----------
Prather G. Randle
 (including an
 enhanced hourly
 rate plus a 50%
 overall
 enhancement) $123,000.00 $123,000.00
 -----------
TOTAL................ $302,784.88
 
 
 5
 Thereafter, the Union National Bank objected to the amount of the fees. Both parties submitted numerous affidavits to support their respective positions. In light of the objections made to the requested fees and the nature of the objections, the appellants requested that an evidentiary hearing be held. This request was denied. The district court eventually entered an order in which it held that the attorneys achieved only a limited measure of success for their clients, that the attorneys wasted substantial amounts of time in preparing and trying the case, and that much of the time claimed by the attorneys could not be substantiated from their records. It concluded that not more than 640 hours should have been expended in the preparation and trial of the case, 160 in trial and 480 in preparation. It then arrived at an hourly rate of $75.00 for that work and apportioned the fees as follows:
 
 
 6
 John W. Walker $18,000.00
Ralph Washington $10,000.00
Perlesta Hollingsworth $12,000.00
Ron Heller $ 3,000.00
Janet Pulliam $ 500.00
Horace Walker $ 1,500.00
Prather Randle $ 3,000.00
 ----------
 TOTAL $48,000.00
 
 
 7
 After a careful review of the designated record and briefs of the parties, we believe that the trial court abused its discretion in its award of attorneys' fees to Walker, Washington and Hollingsworth.
 
 
 8
 First, it is clear that the hourly rate of $75.00 an hour is not an appropriate rate for Walker or Hollingsworth. The record fully supports the view that both of these lawyers are experienced civil rights litigators whose fees at the time the award was entered were in excess of $125.00 per hour. Indeed, this Court has awarded each of them $125.00 per hour. Melvin Paxton, Jr., et al v. Union National Bank, etc., Nos. 81-1650, 81-1656 & 81-1657 (8th Cir., Dec. 6, 1982) (unpublished order). It is true that their work was performed over a period of years and that their fees in the earlier years were somewhat less than this sum, but in view of the contingent nature of the fee arrangement and the long lapse in time before any payment will be received, the $75.00 per hour fee allowed by the district court was entirely inadequate.
 
 
 9
 Second, this case was in trial for twenty-six days. The trial commenced on April 7, 1980, before Chief Judge Thomas Eisele. He took testimony on April 7 through April 11, April 14, 15 and 18, August 12, 13, 24, 25, 29, 20 and 21, all in 1980. At that point, it became necessary for Judge Eisele to recuse himself. The matter was then assigned to Judge Henry Woods, who resumed the trial of the case on April 7, 1981, and tried it for a total of eleven days over a period of three weeks. Moreover, certified public accountants employed by the bank examined Walker's records and documented that, in addition to the days spent in trial, he had spent at least 158 additional hours on the case; that Hollingsworth had spent an additional 119 hours on the case; and that Washington had spent a total of 308 hours on the case.
 
 
 10
 If Walker were to be awarded his customary fee for all of the documented hours that were spent by him on the case, he would be entitled to a fee of $45,250 rather than the $18,000 awarded to him by the district court; Hollingsworth would be entitled to a fee of $30,250 rather than the $12,000 awarded him by the court; and Washington would be entitled to a fee of $23,000 rather than the $10,000 awarded him by the court.
 
 
 11
 The question then becomes: Should the lodestar fee be reduced not only because not all hours claimed could be documented by the certified public accountant but also because the plaintiffs did not prevail in district court on all issues? Hensley v. Eckerhart, 461 U.S. at 439, 103 S.Ct. at 1942-43, teaches that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Here, the claims were related. The plaintiffs, as we indicated in our earlier opinion, did achieve substantial relief and their success was more than limited. The major thrust of the case was related to the promotion policies of the bank, and the plaintiffs achieved an important victory for their clients in this regard. Thus, while the lodestar fee probably should be discounted to a degree, it certainly should not be reduced to a level of less than half of what the lawyers established in terms of time reasonably spent on the case. Under these circumstances, we believe that Walker is entitled to a fee of $30,000, Hollingsworth to a fee of $20,000 and Washington to a fee of $14,000. Moreover, if fee applications by Walker and Hollingsworth did not include hours spent by them after this case was initially remanded to the district court, then they should receive additional reimbursement at the rate of $125.00 per hour for each hour reasonably spent after remand.
 
 
 12
 This Court grants an attorney's fee of $2,000 to attorneys for appellant Walker and $2,000 to attorneys for Hollingsworth for hours spent on this appeal.
 
 
 13
 This matter is remanded to the district court for action consistent with this opinion.
 
 
 14
 Each party will bear its own costs.