Robert S. SWART, Plaintiff,

v.

SCOTT COUNTY, MINNESOTA, a political subdivision, Defendant.

No. Civ. 4–85–1052.

United States District Court, D. Minnesota, Fourth Division.

Jan. 6, 1987.

Charles S. Zimmerman and Barry G. Reed, Zimmerman, Caplan & Reed, Minneapolis, Minn., for plaintiff.

James T. Martin, Gislason & Martin, Edina, Minn., for defendant.

MacLAUGHLIN, District Judge.

This matter is before the Court on cross motions for attorneys' fees. Plaintiff's motion will be granted. Defendant's motion will be denied.

FACTS

This action was brought as a challenge under 42 U.S.C. § 1983 to the constitutionality of the Scott County Sheriffs' practice of strip searching all persons detained at the Scott County jail for offenses no greater than traffic violations or misdeameanors, including all persons who were never charged with any offense. Plaintiff sought preliminary and permanent injunctive relief as well as damages.

Prior to August 27, 1985, a written policy in effect at the Scott County jail called for strip searches of all detainees who were due to be placed with the general prison population. The strip search policy did not require a showing of probable cause prior to instigation of a search. Any detainee, whether suspected of harboring weapons or contraband or not, was subjected to a full strip search. The written strip search procedures were thorough and systematic, and required detainees to remove all items of clothing prior to a full visual search. Jailers were instructed to carry out the strip search in the following manner:

> [The] searcher should begin with the inmate's head, running his fingers through the hair or using a large toothed comb. He should next examine the ears, the mouth and then the nose. (A flashlight is an excellent search tool.) The inmate

should be asked to lift his arms so that his armpits can be examined. Before proceeding to the pubic area, the officer should examine the trunk for tape or bandages that may conceal injuries or contraband. The bandages removed should be replaced with clean ones before the search continues. The pubic area should be examined for lice, using the flashlight. The inmate should next be ordered to turn around, bend over, and spread his buttocks so that the rectum can be examined. Again, the light can be used for this purpose so that the inmate is not touched.

Exhibit B in Support of Plaintiff's Motion for Class Certification.

Robert S. Swart, the plaintiff in this case, was arrested and held on a minor offense, and by defendant's admission, was strip searched without any consideration whether he represented a danger to the prison population or might be harboring contraband. He was detained at the Scott County Jail, booked, and subjected to a full body strip search.

In *John Does 1–100 vs. Boyd, et al.*, 613 F.Supp. 1514 (D.Minn.1985) (MacLaughlin, J.), the Court held that Dakota County's policy of subjecting all pretrial detainees to a full strip search without regard to whether probable cause existed to believe that individual detainees presented a risk to the prison population was unconstitutional. The strip search policy implemented in Scott County effective August 27, 1985 provides for strip searches of detainees "*ONLY* when a reasonable suspicion exists to believe that the inmate has concealed upon his person contraband which could not, or would not, be found by a less intrusive search." Defendant's Brief in Opposition to Plaintiff's Motion for Class Certification, Exh. A. Defendant now admits that its pre-August 27, 1985 policies were unconstitutional. Plaintiff acknowledges that defendant's post-August 27, 1985 policies are constitutional.

Plaintiff's cause of action was filed August 13, 1985. Plaintiff sought injunctive relief and damages. By order dated Sep-

tember 2, 1986, the Court denied plaintiff's motion for class certification. In so doing, the Court ruled that plaintiff did not have standing to seek injunctive relief, on the ground that "plaintiff [is] simply unable to show that he is likely to be subjected to defendant's strip search policies at some future date." *Does*, at 1522, *citing Boyd*, 613 F.Supp. at 1528–29; *City of Los Angelos v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Smith v. Montgomery County, Md.*, 573 F.Supp. 604 (D.Md.1983); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 1857 n. 3, 75 L.Ed.2d 903 (1983); *Lake v. Speziale*, 580 F.Supp. 1318 (D.Conn.1984). Accordingly, plaintiff's claim for injunctive relief dropped from the case. Plaintiff's claim for damages came on for trial before a jury October 22–28, 1986. At trial, plaintiff presented witnesses, including plaintiff, the arresting officers, and a psychologist who testified as to the emotional toll exacted on plaintiff by the strip search. Plaintiff sought to recover for emotional pain and suffering, humiliation and mental distress. The jury returned a verdict stating that plaintiff had sustained no damages. Plaintiff did not appeal.

Plaintiff now brings this motion for attorneys' fees. Defendant has responded with a countermotion for a fee award.

## DISCUSSION

### A. Prevailing Party

Plaintiff's motion for attorneys' fees is brought pursuant to 42 U.S.C. § 1988, which provides:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

A threshold issue in any motion for attorneys' fees brought pursuant to section 1988 is whether plaintiff is a "prevailing party" within the meaning of the statute. *Jaeger v. City of Farmington, Minnesota*, 528 F.Supp. 684 (D.Minn.1981). The standard

for making this threshold determination has been framed in various ways. The United States Court of Appeals for the Eighth Circuit has frequently cited the formulation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983): "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 103 S.Ct. at 1939; *Fast v. School District of City of LaDue*, 728 F.2d 1030, 1032 (8th Cir.1984) (en banc). This is a generous formulation that brings the plaintiff across the statutory threshold. *Fast*, 728 F.2d at 1032. It is not necessary that a plaintiff succeed on all of the significant issues, or that the court award all of the benefit sought by the plaintiff. *Fast*, 728 F.2d at 1033. Once plaintiff has surmounted this threshold barrier, it remains for the district court to determine what fee is "reasonable." *Hensley*, 103 S.Ct. at 1939.

■■■ Prevailing party status is not restricted to a "victor" after entry of a final judgment following full trial on the merits; a party may be considered to have prevailed through a favorable settlement of a case or consent agreement, even if he does not ultimately prevail on all issues. *Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Premachandra v. Mitts*, 727 F.2d 717, 720 (8th Cir. 1984), *on rehearing*, 753 F.2d 635 (8th Cir. 1985) (en banc). It is well established that in determining whether a party is a prevailing party in a case where voluntary conduct of the defendant has mooted plaintiff's claims for relief, the applicable standard is the two-part test of *Nadeau v. Helgemoe*, 581 F.2d 275, 281 (1st Cir.1978), which was adopted by the Eighth Circuit in *United Handicapped Federation v. Andre*, 622 F.2d 342, 346–47 (8th Cir.1980) and endorsed by the Supreme Court in *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983):

First, whether plaintiffs' actions were a factor in achieving the results sought and obtained [this is a factual inquiry]; Second, whether the result obtained was one required by law [this is a legal inquiry].[1]

*See Jaeger*, 528 F.Supp. at 685.

### 1. The Nadeau Test

■■■ The standards evolved by the courts for resolving the factual prong of the *Nadeau* test are not rigorous. It has been stated that a plaintiff is a prevailing party within the meaning of section 1988 if "plaintiffs' suit and their attorney's efforts were a necessary and important factor in achieving the desired result," *Nadeau*, 581 F.2d at 281, or where the lawsuit "played a provocative role" or was "instrumental" in obtaining relief, *Illinois Welfare Rights Organization v. Miller*, 723 F.2d 564, 569 (7th Cir.1983). In *Williams v. Leatherbury*, 672 F.2d 549 (5th Cir.1982) it was stated that, in order to satisfy the first prong of the *Nadeau* test, plaintiffs' suit "must be a *substantial factor* or a *significant catalyst* in motivating the defendants to end their unconstitutional behavior." *Leatherbury*, 672 F.2d at 551 (emphasis added). In applying this "catalyst" standard the focus is on whether there is a causal connection between plaintiff's act of filing suit and the achievement of the intended result. In *Premachandra* the Eighth Circuit declared that "[t]he first step under *Nadeau* requires a court to determine, as a factual matter, whether the plaintiff's suit served as a catalyst—*i.e.*, a 'necessary and important factor'—in achieving the relief desired." *Premachandra*, 727 F.2d at 721. If plaintiff's lawsuit was a catalyst that brought about voluntary compliance with applicable law by the defendant, plaintiff is a prevailing party for purposes of an attorneys' fees award, despite the fact that the necessity of judicial relief has been mooted by defendant's voluntary compliance. *Williams v. Miller*, 620 F.2d 199 (8th Cir.1980). Conversely, where defendant has voluntarily ceased the

---

1. Here, there is no dispute that the second prong of the *Nadeau* test is satisfied—defendant

was required by law to alter its unconstitutional strip search policy.

unlawful conduct prior to plaintiff's act of filing suit, no causal relationship exists and plaintiff cannot be said to be a catalyst in bringing about the change in policy. *See, e.g., Bush v. Bays,* 463 F.Supp. 59 (E.D.Va. 1978). The key issue is "the provocative role of the plaintiff's lawsuit." *Jaeger,* 528 F.Supp. at 686, *citing Nadeau,* 581 F.2d at 280. In determining whether plaintiff's act of filing suit was a necessary and important factor which motivated the change in policy the courts often focus on the chronology of events. *Jaeger,* 528 F.Supp. at 686; *Ross v. Horn,* 598 F.2d 1312 (3d Cir. 1979) (where chronology of events strongly suggested causal relationship between plaintiff's lawsuit and defendant's implementation of new procedures, plaintiff was found to be a "prevailing party").[2]

In the case at bar, plaintiff sought (1) injunctive relief, and (2) monetary damages. As to plaintiff's claim for damages, the jury returned a verdict of no damages. Quite clearly plaintiff was not a prevailing party as to his damages claim, and plaintiff admits as much. As to plaintiff's claim for injunctive relief, however, as discussed above, defendant did discontinue its admittedly unconstitutional strip search policy. As such, plaintiff claims that his act of filing suit was a catalyst—*i.e.,* a necessary and important factor—in bringing about this change of policy.

■ The chronology of events supports plaintiff's argument. The Court's decision invalidating Dakota County's strip search policy was handed down July 31, 1985. Scott County altered its strip search policy effective August 27, 1985. Plaintiff's action was filed August 13, 1985, *after* the Court had made its decision in *Boyd,* but *before* defendant effectuated its change in policy. Significantly, defendant initiated a review of its strip search policy August 15, 1985, two days after plaintiff filed his complaint. Plaintiff suggests that it was service of his complaint upon Scott County officials which provoked defendant to review its policy, and given the above-referenced chronology of events, plaintiff's argument carries considerable weight.

Defendant argues that it was the Court's decision in *Boyd,* not plaintiff's act of filing suit, which caused it to review and subsequently change its strip search policy. In order to merit prevailing party status, however, plaintiff need not demonstrate that his lawsuit was "the sole cause or even the primary cause" of defendant's change in policy. *Andre,* 622 F.2d at 346–47. Plaintiff's suit need only be a "necessary and important factor" to entitle him to a fee award. *Nadeau,* 581 F.2d at 281; *Jaeger,* 528 F.Supp. at 685. The Court finds that plaintiff's act of filing suit was a "necessary and important factor" motivating defendant's change in policy.

Wholly apart from the change in policy to which plaintiff's suit contributed, plaintiff prevailed in his quest to vindicate his constitutional rights, in that plaintiff's suit caused defendant to admit that its strip search of him was unconstitutional. In its answer to plaintiff's complaint defendant denied that its strip search policy was unconstitutional and further stated that "the strip search policy in effect in Scott County

2. Other courts have stated that plaintiff is a prevailing party within the meaning of section 1988 where plaintiff was "at least a major factor in bringing ... about" the benefits sought, *Coen v. Harrison County School Bd.,* 638 F.2d 24, 26 (5th Cir.1981); or where plaintiff "played a significant role in achieving" the desired objective, *Chicano Police Officer's Ass'n v. Stover,* 624 F.2d 127, 131 (10th Cir.1980); or where plaintiff's suit was a "material factor in bringing about the defendant's action." *Morrison v. Ayoob,* 627 F.2d 669, 671 (3d Cir.1980). In *DeMier v. Gondles,* 676 F.2d 92 (4th Cir.1982) the United States Court of Appeals for the Fourth Circuit enunciated a two-part test for determining whether "plaintiff's actions were a catalyst which caused a defendant to remedy his errant ways." *DeMier,* 676 F.2d at 93. "First, the court must focus on the condition that the fee claimant sought to change so as to gain a benefit or be relieved of a burden. With this condition as a benchmark, the inquiry then becomes 'whether, as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition.' " *DeMier,* 676 F.2d at 93, *quoting Bonnes v. Long,* 599 F.2d 1316 (4th Cir.1979).

during the period of time referred to in plaintiffs' Complaint was reasonable under the circumstances." Answer ¶ XI. Defendant made a similar claim in its response to plaintiff's interrogatories. It was not until November 25, 1985 that defendant first tacitly admitted that it had deprived plaintiff of his constitutional rights.[3] As of that date, plaintiff's counsel had expended 12.5 hours of time in pursuit of plaintiff's case. Defendant subsequently reaffirmed that its strip search of plaintiff was unconstitutional in connection with plaintiff's July 23, 1986 motion for class certification. At trial, defendant fully conceded liability. Based on the above-referenced chronology of events, it is clear that plaintiff's suit was a necessary and important factor motivating defendant to concede that plaintiff had been unconstitutionally strip searched. Accordingly, the Court finds that plaintiff has prevailed in that limited sense. As noted by the Eighth Circuit in *Fast*, a simple admission by the defendant that it has "deprived plaintiff of [his constitutional rights], in and of itself, is an important vindication of constitutional rights." *Fast*, 728 F.2d at 1033.

Based on the foregoing, the Court finds that plaintiff was a prevailing party within the meaning of section 1988. Plaintiff's suit was a necessary and important factor motivating defendant's change in policy. In addition, plaintiff's suit was a necessary and important factor motivating defendant to admit that plaintiff's constitutional rights had been infringed.

### 2. Amount of Fee Award

The mere fact that plaintiff was a prevailing party, of course, does not mean that plaintiff's counsel is entitled to full recovery of the fee award which they seek. In *Hensley v. Eckerhart* the Supreme Court declared that the district court's assessment of the "results obtained" by the plaintiff may cause it to deviate from the standard measure of fee awards—reasonable hours times a reasonable rate—particularly

where "a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley*, 103 S.Ct. at 1940.

In *Hensley* the Supreme Court concluded that when a fee applicant has succeeded on only some of its claims for relief, the scope of the fee award turns upon two questions: (1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded; and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 103 S.Ct. at 1940; Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in Federal Courts* ¶ 69-10. Here, plaintiff's claims are not readily divisible. Accordingly, analysis focuses on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 103 S.Ct. at 1940. As stated by the Court:

Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified....

.... If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

*Hensley*, 103 S.Ct. at 1940–41.

The test set forth in *Hensley* was further elucidated by the Eighth Circuit in *Fast v.*

---

3. This tacit admission occurred in connection with plaintiff's deposition of Lieutenant Paul

Halvorsen of the Scott County Sheriff's Department.

*School District of LaDue*, 728 F.2d 1030 (1984). In that case a school teacher whose employment was terminated without due process of law sought reinstatement and certain pre- and post-termination process. The district court denied plaintiff's claims for reinstatement and pre-termination process but entered summary judgment for plaintiff as to her post-termination process claim. The court denied plaintiff's request for a fee award. On appeal, the Eighth Circuit found that plaintiff was a "prevailing party" within the meaning of section 1988, notwithstanding that plaintiff had obtained something less than the full relief sought. The en banc court began by noting that the *Hensley* test is a "generous formulation" and that "a plaintiff who meets it is only brought 'across the statutory threshold' of eligibility for a fee award. The amount of the award, as is fully explained by the *Hensley* opinion, is another matter entirely." *Fast*, 728 F.2d at 1033. The Court further noted that "[a] plaintiff may be a 'prevailing party' and still, because of failure to prevail on other issues, not receive full compensation for all of the time and expense invested in a case." *Fast*, 728 F.2d at 1033. The court remanded to the district court for a determination of the proper fee award, expressly stating that in light of the fact that plaintiff had prevailed on some but not all claims in her complaint, "[o]bviously an award in the full amount requested [by the plaintiff] would not be appropriate." *Fast*, 728 F.2d at 1035. The court instructed the district court to make its fee determination based on the following formula:

> The District Court should first consider what amount of plaintiff's attorneys' time is fairly attributable to the issues on

which she prevailed. Ordinarily, a fee award should then be made for the number of lawyers' hours so expended at whatever hourly rate the District Court determines is appropriate. But other circumstances may be considered as well. It is open to defendants to argue that it was not necessary for plaintiff to file suit at all to obtain the relief she ultimately got. (And plaintiff, on the other hand, could well point out that if defendants had responded in a substantive way to her presuit request for information, the whole thing would have been unnecessary.) In addition, the District Court may consider, if the evidence warrants, whether the time spent on the issues on which plaintiff prevailed was excessive. *See Jaquette v. Black Hawk County*, 710 F.2d 455 (8th Cir.1983).

*Fast*, 728 F.2d at 1035.

■ In this case, as in *Fast*, plaintiff gained a limited vindication of his constitutional rights, in that defendant admitted that its strip search of him was unconstitutional. In this case, as in *Fast*, plaintiff gained something considerably less than the full relief which he sought. This case differs from *Fast* in that the relief obtained by plaintiff came about, not via a ruling by the Court, but rather by the voluntary acts of the defendant, and in that the relief gained by plaintiff did not extend to a class. Nevertheless, in light of the letter and spirit of *Fast* and *Hensley*, the Court finds that plaintiff is entitled to a partial fee award.[4]

Plaintiff seeks a fee award of $4,237.00, together with costs of $78.75. The guidelines for determining attorneys' fees were

---

**4.** The fact that plaintiff did not succeed on each and every contention raised by him does not mean that his fee award should be reduced, provided that plaintiff has won "substantial relief." *Paxton v. Union National Bank*, 806 F.2d 785, 787 (8th Cir.1986). In *Paxton* the court stated:

> *Hensley v. Eckerhart* ... teaches that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each

contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."

*Paxton*, 806 F.2d at 787. Here, plaintiff's claims were related. However, plaintiff "achieved only limited success," not "substantial relief." Accordingly, plaintiff is entitled to a reduced fee award. *See, e.g., Premachandra*, 727 F.2d at 732–33 (fee award reduced based on plaintiff's "partial success").

set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974); and adopted by the Eighth Circuit in *Allen v. Amalgamated Transit Union, Local 788*, 554 F.2d 876, 884 (8th Cir.1977). *See, e.g., Easley v. Anheuser-Busch, Inc.*, 758 F.2d 251, 264 n. 25 (8th Cir.1985). The twelve *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19.

As discussed above, defendant changed its strip search policy effective August 27, 1985. Defendant made a tacit admission that its strip search of plaintiff was unconstitutional on November 25, 1985. To that date, plaintiff's counsel had expended 12.5 hours of time, at a billing rate of $100.00 per hour. The hourly rates are reasonable, by defendant's admission. *See Does 1–100 v. Boyd*, 613 F.Supp. at 1519 (D.Minn.1986); *see also Dick v. Watonwan County*, 562 F.Supp. 1083, 1109 (D.Minn.1983), *rev'd in part on other grounds*, 738 F.2d 939 (8th Cir.1984). Quite obviously, the amount of plaintiff's attorneys' time fairly attributable to the issues on which plaintiff prevailed is not calculable with mathematical certainty. *Hensley*, 103 S.Ct. at 1940 n. 11. Based upon its review of the entire record in the case, including the briefs of the parties and arguments of counsel, and applying the twelve *Johnson* factors, the Court finds that plaintiff is entitled to a fee award of $1,250.00, together with costs of $78.75, for a net award of $1,328.75.

■ The purpose of the section 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances. H.R.Rep. No. 94–1558, at 1 (1976), *quoted in Hensley*, 103 S.Ct. at 1937. The Congress had declared that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." S.Rep. No. 94–1011, at 4 (1976), U.S.Code Cong. & Admin.News 1976, at 5912 (*quoting Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). The burden of proof of "special circumstances" is upon the losing defendant. *Williams v. Miller*, 620 F.2d 199, 202 (8th Cir.1980), although the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley*, 103 S.Ct. at 1941. Section 1988 facilitates litigation by plaintiffs and encourages them to reject half-measure compromises, while at the same time it gives defendants strong incentives to avoid arguable civil rights violations in the first instance. *Hensley*, 103 S.Ct. at 1944 n. 2 (Brennan, J., concurring in part and dissenting in part), *citing New York Gaslight Club Carey*, 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980); *Newman*, 390 U.S. at 402, 88 S.Ct. at 966; *Dennis v. Chang*, 611 F.2d 1302, 1307 (9th Cir.1980). In enacting section 1988, Congress determined that the public as a whole has an interest in the vindication of the rights conferred by the statutes enumerated in section 1988, over and above the value of a civil rights remedy to a particular plaintiff. *Hensley*, 103 S.Ct. at 1945 n. 4 (Brennan, J., concurring in part and dissenting in part). Accordingly, civil rights plaintiffs with meritorious claims "appear before the court cloaked in a mantle of public interest." H.R.Rep. No. 94–1558, at 6 (1976) (*citing United States Steel Corp. v. United States*, 519 F.2d 359, 364 (3d Cir.1975). In view of the strong public interest in private enforcement [5] of the fed-

---

**5.** As stated by the Congress:

All of these civil rights laws depend heavily

eral civil rights laws, and in light of the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation, the Court finds that plaintiff is entitled to a limited fee award, notwithstanding that plaintiff did not prevail on its damages claim.

**B. Defendant's Motion for a Fee Award**

 Defendant has filed a countermotion for a fee award. It is well accepted that the defendant in a civil rights action may recover a fee award where plaintiff's action was "vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley,* 103 S.Ct. at 1937 n. 2, *citing Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The Court cannot find that plaintiff's cause of action was "vexatious, frivolous, or brought to harass or embarrass the defendant." By defendant's admission, plaintiff was subjected to an unconstitutional strip search. Plaintiff understandably brought this action to vindicate his constitutional rights. The fact that plaintiff did not prevail on his claim for money damages does not rob his suit of its legitimacy. Accordingly, defendant's motion for a fee award will be denied.

Accordingly, based on the foregoing, and upon review of all files, records, and proceedings herein,

IT IS ORDERED that plaintiff's motion for an award of attorneys' fees is granted and plaintiff's attorneys are awarded $1,328.75, which represents $1,250.00 in fees and $78.75 in costs.

IT IS FURTHER ORDERED that defendant's motion for a fee award is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.

In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must recover what it costs them to vindicate these rights in court.

S.Rep.No. 94–1011, at 2 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5910.