896 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul MILLER, Jr., Plaintiff-Appellant,
v.
SCHOOL BOARD OF FAIRFAX COUNTY, VIRGINIA; Mary Collier,
School Board Chairman; Robert Spillane,
Defendants-Appellees.
 No. 89-2378.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1989.
Decided: Jan. 30, 1990.
 
 Ronnie Shorenstein, for appellant.
 Grady Kimel Carlson (Thomas J. Cawley, John F. Cafferky, Hunton & Williams, on brief), for appellee.
 Before CHAPMAN, Circuit Judge, HARRISON L. WINTER, Senior Circuit Judge, and FREDERIC NELSON SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 Plaintiff-appellant Paul Miller, Jr. ("Miller") claims to be a "prevailing party" under the Education of the Handicapped Act ("EHA"), thereby entitling him to attorney's fees and costs against defendant-appellee School Board of Fairfax County, Virginia ("School Board"). The district court held that Miller was not a "prevailing party" within the meaning of the EHA. We review the district court's holding for abuse of discretion, Muth v. Central Bucks School District, 839 F.2d 113, 130 (3d Cir.1988), and we find that the district court did not abuse its discretion in its holding which denied attorney's fees and costs.
 
 
 2
 * Miller is a twenty-year-old handicapped student with multiple learning disabilities and a speech impairment. Dissatisfied with the School Board's proposed individualized educational program (IEP), Miller requested an administrative hearing on March 7, 1988, seeking as relief: (1) full-time placement at Annandale High School (rather than primary placement at South County Vocational Center complemented by additional courses at Annandale, as the School Board's IEP provided); (2) reimbursement of private school tuition and therapy costs; (3) compensatory education; (4) occupational therapy services (as part of the IEP); (5) forty-five to fifty minute (not thirty minute) speech therapy sessions three times per week (as part of the IEP); (6) identification of Miller as learning disabled and speech impaired (instead of mentally retarded); (7) damages for procedural errors by the School Board, including its failure to develop the IEP within the statutory period.
 
 
 3
 On May 24, 1988, the administrative hearing officer ruled (1) that the School Board's primary placement of Miller at South County was appropriate; (2) that the School Board was not obligated to provide any compensatory education; (3) that the School Board was not required to reimburse Miller for private tuition and therapy costs; (4) that Miller was entitled to thirty-minute sessions of occupational therapy twice per week; (5) that Miller was entitled to forty-five to fifty-minute speech therapy sessions three times per week; (6) that since Miller was "multihandicapped," he was legally neither mentally retarded nor learning impaired; and (7) that Miller was entitled to compensatory damages of $82.50 for the School Board's delay.
 
 
 4
 The parties appealed to the State Review Examiner in July 1988. On August 25, 1988, the state reviewing officer upheld the hearing officer's ruling in all respects except Miller's placement at South County; instead, the reviewing officer ordered full-time placement of Miller at Annandale. The parties appealed this decision to the district court, which affirmed most of the administrative rulings but reinstated the hearing officer's primary placement of Miller at South County and reversed the hearing officer's findings of procedural violations; the court let the award of $82.50 stand because the School Board made "no point of it in its cross-appeal."
 
 
 5
 On March 7, 1989, Miller moved for $13,628.63 in costs and $41,950 in attorney's fees (from the beginning of the initial administrative hearing through the district court hearings). Chief District Judge Albert V. Bryan denied the motion, holding that Miller was not a prevailing party "on any issue" and noting that the "minor relief" Miller obtained at the first hearing was "not even an issue on appeal" and that Miller received no benefit as a result of the appeal.
 
 II
 
 6
 The Education of the Handicapped Act provides that a court may award attorney's fees and costs to a parent who is "the prevailing party."[1] The Supreme Court has recently made it clear that if "the [claimant] has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing the suit,' the [claimant] has crossed the threshold to a fee award of some kind." Texas State Teachers Association v. Garland Independent School District, 489 U.S. ----, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989), citing Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir.1978). If there has been a "material alteration of the legal relationship of the parties ...[,] the degree of the [claimant's] overall success goes to the reasonableness of the award ..., not to [its] availability...." But if the claimant's "success on a legal claim can be characterized as purely technical or de minimis," then the court should not grant an award. Texas State, 109 S.Ct. at 1493. Under this pragmatic approach, then, the claimant must show an actual, rather than theoretical, benefit in order to justify an award of attorney's fees and costs. See also Demier v. Gondles, 676 F.2d 92, 93 (4th Cir.1982).
 
 
 7
 Miller asserts that he is a prevailing party because he succeeded on three issues. First, he was granted further educational services involving occupational and speech therapy. Second, he won the right to have his educational records clarified to exclude the inference of mental retardation, which he maintains will benefit him when he enters the labor market. Finally, he was awarded $82.50 in damages for the School Board's procedural errors. Miller argues that these results rest above the "floor" established in Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987), where the Supreme Court held that the lack of a damage award, an injunction, a declaratory judgment, a consent decree, or favorable settlement precluded the awarding of attorney's fees and costs.
 
 
 8
 In Texas State, however, the Supreme Court illuminated the Hewitt "floor" by indicating that not just any success on the merits is enough. Instead, there must be success on a "significant issue." In no way has Miller shown such success. First, the additional educational services won by Miller constitute minor modifications to a small part of the School Board's proposed IEP, as the district court correctly found. Second, Miller's claim that he won the right to have his records clarified to exclude the inference of mental retardation is entirely unfounded. To the contrary, the hearing officer upheld the School Board's classification of Miller as "multihandicapped," noting (at page 23 of the decision) that the "eligibility committee previously had foreclosed any assumption that Mr. Miller was classified as mentally retarded by classifying him as 'multihandicapped.' " Thus, there was no issue joined or resolved in the administrative proceedings on this point, and nothing about it has been changed by appeal. Finally, Miller's award of $82.50 for the School Board's procedural violations is meaningless because the district court reversed the hearing officer's findings of procedural violations and upheld the award only because the School Board did not appeal it.
 
 
 9
 Furthermore, Miller concedes that he never actually took advantage of any the benefits he won in the litigation. In particular, the additional educational services were available to Miller only in conjunction with the School Board's proposed IEP. But Miller rejected the IEP notwithstanding the modifications and chose instead to enroll as a student at Northern Virginia Community College. As a result, Miller's claim that these services have significant monetary value is imaginary. We believe that this failure renders Miller's minor success equivalent to a mere "favorable judicial statement of law," which in Hewitt the Supreme Court found insufficient. Hewitt, 482 U.S. at 763, 107 S.Ct. at 2677. A contrary view would serve only to invite spurious claims for attorney's fees and costs.
 
 
 10
 Miller also asserts that the district court erred by noting the fact that he did not win anything in the district court in addition to what he won at the administrative hearing. We agree with Miller that this is not the test. The language and legislative history of the EHA clearly show that a party may recover attorney's fees and costs for services performed during administrative proceedings. See School Board of Prince William County v. Malone, 662 F.Supp. 999, 1001 (E.D.Va.1987); Unified School District No. 259 v. Newton, 673 F.Supp. 418, 422-3 (D.Kan.1987). However, the district court based its decision not on this statement, but on Miller's failure to prevail "on any issue" warranting recovery of fees and costs, which we discuss above. Thus, Miller's argument is unavailing.
 
 
 11
 For the above reasons, we believe that the district court did not abuse its discretion in denying attorney's fees and costs, and we affirm.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 20 U.S.C. Sec. 1415(e)(4)(B) reads in full:
 In any action or proceeding brought under this subsection, the court, in its discretion, may award reasonable attorney's fees as part of the costs to the parents or guardian of a handicapped child or youth who is the prevailing party.